IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| FENNER DUNLOP AMERICAS, LLC, | ) | CASE NO. 1:16 CV 1758 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DRI, INCORPORATED, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] in this diversity action by Fenner Dunlop Americas, LLC (Fenner Dunlop) against DRI Incorporated, d/b/a Diversified Resources Incorporated (DRI)[2] is Fenner Dunlop's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[3] DRI has not responded to Fenner Dunlop's motion, and both parties have waived oral argument on the motion.[4] For the reasons that follow, Fenner Dunlop's motion will be granted.

---

[1] The parties have consented to my exercise of jurisdiction. ECF # 15.

[2] ECF # 1.

[3] ECF # 41.

[4] ECF # 47 (DRI), # 49 (Fenner Dunlop).

**Facts**

The undisputed facts, with citations to the supporting record, are set out by Fenner Dunlop in its brief in support of its motion as follows:

On 16 occasions from May 27, 2015 to July 23, 2015, at DRI's request, Fenner Dunlop Americas, Inc. sold conveyor belt and splice materials ("Belt") to DRI in the transactions identified and for the prices set forth in the Statement of Account attached as App'x 1 to the Declaration of Raj Gopal ("Transactions").[5]  DRI has admitted that the Statements of Account (which were also attached to the First Amended Complaint as Exhibit A) accurately describe the Transactions, including purchase order numbers, quantity of Belt purchased, and agreed prices for the Belt.[6]

Each of the 16 Transactions included a written invoice that described DRI's order and recited the invoice date, shipment date, quantity, price and payment terms, among other things, and incorporated Fenner's Standard Terms and Conditions of Sale.  At no time did DRI provide notice to Fenner that it objected to any of the Standard Terms and Conditions of Sale.[7]  Copies of the invoices for each of the 16 Transactions ("Invoices") are attached as App'x 2 to the Gopal Declaration.[8]  DRI has admitted that the invoices (which were also attached to the First Amended Complaint as Exhibit B) accurately describe the Transactions,

---

[5] ECF # 41-2

[6] ECF #41-3 (DRI Responses to Request for Admission No. 6).

[7] ECF # 41-2 at 4.

[8] ECF # 41-2

including purchase order numbers, quantity of Belt purchased, and agreed prices for the Belt.[9] The total purchase price for the Belt was $1,125,568.09.[10]

Fenner's statements of account to DRI stated: "FDA [Fenner Dunlop Americas] Standard Terms & Conditions apply. Available at www.fennerdunlopamericas.com and upon request."[11]

Similarly, the invoices stated:

Unless otherwise agreed to in writing by Fenner Dunlop Americas, Inc., this invoice is subject to the Standard Terms and Conditions of Sale of Fenner Dunlop Americas, Inc. posted at www.fennerdunlopamericas.com/termsofsale (the "Terms and Conditions") and is hereby incorporated by reference into and made a part of this invoice. Purchaser acknowledges it has read and agrees to be bound by such Terms and Conditions. Purchaser also acknowledges that Fenner Dunlop Americas, Inc. may, from time to time and at its discretion, modify the Terms and Conditions and Purchaser agrees to be bound by such Terms and Conditions as modified.[12]

At the time of the Transactions, DRI's President, Jeffery Hurt, read the language on the statements of account and the invoices that incorporated the terms and conditions.[13] Hurt testified that he never used the internet link provided or requested a copy of the terms and conditions.[14]

---

[9] ECF # 41-3 (See DRI Response to Requests for Admission No. 7.).

[10] ECF # 41-2 at 2, 4.

[11] *Id*. at App'x 1.

[12] *Id*. at App'x 2.

[13] ECF # 40-1 (Hurt Dep. at 23-24).

[14] *Id.*

A copy of the Standard Terms and Conditions of Sale in force at the time of the Transactions is attached as App'x 3 to the Gopal Declaration. At all relevant times, the Standard Terms and Conditions were available on the website of Fenner Dunlop Americas, Inc. and by request of any buyer.[15] Section 3 of the Standard Terms and Conditions provides that past due accounts will bear interest at the rate of 3% per month. Section 10 provides that the transactions will be governed by the laws of the State of Ohio. Section 11 provides that:

> In the event of any action or proceeding relating to a Transaction subject to this Agreement where Fenner is determined to be the prevailing party with regard to some or all claims, Purchaser [DRI] agrees to pay all of Fenner's attorney's fees or litigation costs up through and including any appeal.

DRI admits that Fenner delivered the Belt as ordered, that DRI accepted the Belt, that DRI did not reject the Belt, and that DRI has failed and refused to pay Fenner for the Belt.[16] DRI also admits that it never notified of Fenner of any defect with the Belt.[17] Indeed, the only excuse offered by DRI for why it has not paid Fenner is that it did not have the money.[18]

On February 1, 2016, Fenner Dunlop Americas, Inc. converted to Fenner Dunlop Americas, LLC, the plaintiff entity in this case. Fenner Dunlop Americas, LLC is the successor by conversion to all contracts entered into by Fenner Dunlop Americas, Inc. On this point, Fenner incorporates its prior Opposition to Plaintiff's Motion for Judgment on the

---

[15] ECF # 41-2 at 4.

[16] ECF # 41-3 (DRI Response to Requests for Admission Nos. 1, 2, 3, 4, and 11; see also Gopal Decl., ECF #41-2 at 5).

[17] ECF # 41-3 (DRI Response to Requests for Admission No. 5).

[18] ECF # 40 (Hurt Dep., at 28-29).

Pleadings[19] and Opposition to Plaintiff's Motion to Dismiss,[20] and related exhibits and declaration,[21] which establish that the plaintiff entity is the successor to Fenner Dunlop Americas, Inc.

**A.    Standards of Review**

*1.    Summary judgment standard*

The court should grant summary judgment if satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[22] The moving party bears the burden of showing the absence of any such "genuine issue":

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[23]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[24] Determination of whether a factual issue is "genuine" requires consideration of the applicable

---

[19] ECF # 12.

[20] ECF # 23

[21] ECF #'s 12-1, 12-2, 12-3.

[22] Fed. R. Civ. P. 56(c).

[23]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[24]*Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

evidentiary standards.[25] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[26]

The court should not grant summary judgment if a party who bears the burden of proof at trial does not establish an essential element of his case.[27] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[28] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[29]

In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict."[30] But if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.[31]

---

[25]*Id.* at 252.

[26]*United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[27]*McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex Corp.*, 477 U.S. at 322).

[28]*Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49).

[29]*Anderson*, 477 U.S. at 249-50 (citation omitted).

[30]*Id.* at 252.

[31]*March v. Levine*, 249 F.3d 462, 471 (6th Cir. 2001).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[32] The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."[33] The text of Fed. R. Civ. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

"In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[34]

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'"[35] Rule 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit.

---

[32]*Anderson*, 477 U.S. at 256.

[33]*Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[34]*BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

[35]*Wiley v. United States*, 20 F.3d 222 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs.*, 854 F.2d 1179, 1181 (9th Cir. 1988)).

Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.[36]

But the district court may consider evidence not meeting this standard unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.[37]

As a general matter, the judge considering a motion for summary judgment need examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law."[38] The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter.[39] The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[40]

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can

---

[36]*Id.* at 225-26 (citations omitted).

[37]*Id.* at 226 (citations omitted).

[38]*Anderson*, 477 U.S. at 248.

[39]*Id.* at 249.

[40]*Id.*

be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[41]

In addition, Magistrate Judge Burke has detailed the controlling law as to addressing an unopposed motion for summary judgment:

> Although the Court generally may grant unopposed motions, see Local Rule 7.2(g), it cannot grant a motion for summary judgment solely because the non-moving party has failed to respond to the motion. *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir.2005). Even in such a case, Rule 56 requires a court to determine that the moving party has demonstrated the absence of a disputed question of material fact and a right to relief as a matter of law. Id. That is not to say, however, that the court must do the work of the non-responding, non-moving party. "[W]here the non-moving party fails to respond to the motion for summary judgment, the trial court is under no obligation to 'search the entire record to establish that it is bereft of a genuine issue of material fact.' " *In re St. Clair Clinic, Inc.*, No. 94–3943, 1996 U.S.App. LEXIS 1416, at *2, 1996 WL 6531 (6th Cir. Jan. 8, 1996) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir.1989)). Instead, the court may rely upon the facts presented and designated by the moving party. Id. (quoting *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir.1992)). If those facts establish the moving party's entitlement to judgment as a matter of law, the Court may properly grant summary judgment. See Fed.R.Civ.P. 56(e)(3).[42]

## Analysis

**A.      Fenner is entitled to summary judgment on its breach of contract claim.**

The elements of a breach of contract claim under Ohio law are "(1) a contract existed, (2) one party fulfilled his obligations, (3) the other party failed to fulfill his obligations, and

---

[41]*Id.* at 250.

[42]*People's United Equipment Finance Corp. v. Bencin Trucking, Inc.*, 2012 WL 1571534, at * 2 (N.D. Ohio May 3, 2012).

-9-

(4) damages resulted from that failure."[43] Here, there is no dispute that there were enforceable contracts for DRI to purchase the Belt, for a total of $1,125,568.09. Moreover, there is no dispute that Fenner fulfilled its obligations by delivering the Belt and that DRI breached the contract by failing to pay Fenner for the Belt; DRI has admitted these facts. Finally, there is no dispute that Fenner has suffered damages from the non-payment, as Fenner is the successor in interest to Fenner Dunlop Americas, Inc. for purposes of the Transactions with DRI.

Accordingly, Fenner Dunlop is entitled to summary judgment on it's breach of contract claim.

**B.    Fenner Dunlop is entitled to prejudgment interest at the contractually specified rate of 3% per month.**

Fenner Dunlop's Standard Terms and Conditions, including the fee-shifting provision and interest rate provision, were expressly incorporated into the Statements of Account and invoices. "In Ohio, separate agreements may be incorporated by reference into a signed contract."[44] "[I]t is a general principle of Ohio contract law that separate agreements maybe

---

[43] *Blake Homes, Ltd. v. FirstEnergy Corp.,* 2007-Ohio-4606, 77, 173 Ohio App. 3d 230, 245.

[44] *Mohmed v. Certified Oil Corp.*, 2015-Ohio-2398, 35, 37 N.E.3d 814, 821 (Ct. App. 2015); *see also Garcia v. Wayne Homes, LLC*, No. 2001-CA-53, 2002-Ohio-1884, 2002 WL 628619, at *9 (Ct. App. April 19, 2002) ("Regardless of the lack of signatures on the Specifications, it is clear that the parties expressly incorporated the document by reference and they are, therefore, bound to the terms contained therein."); *Christe v. GMS Mgt. Co.*, 124 Ohio App. 3d 84, 88, 705 N.E.2d 691, 693 (1997) ("Where one instrument incorporates another by reference, both must be read together."); *Panzica Constr. Co. v. Bridgeview Crossing, L.L.C.*, 2015-Ohio-3478, 55, 39 N.E.3d 529, 546

incorporated by reference into a signed contract and that when done, both instruments must be read and construed together."[45]

Courts have concluded that terms and conditions found on a company's website are enforceable if incorporated into a contract.[46] Here, the invoices and statements of account plainly provided that the Transactions were governed by Fenner's Standard Terms and Conditions. There is no dispute that the Standard Terms and Conditions were available on Fenner's website and by request.

The Standard Terms and Conditions provided for interest at the rate of 3% per month. Thus, this Court should award prejudgment interest at 3% per month.[47] As of July 26, 2017, the interest due was $840,207.75. Interest is continuing to accrue, and Fenner will calculate and submit the updated interest amount upon entry of judgment on the breach of contract claim.

---

[45] Section 10 of the Standard Terms and conditions provides that the Transactions are governed by the laws of the State of Ohio

[46] *See, e.g., Spartech CMD, LLC v. Int'l Auto. Components Grp. N. Am., Inc.,* No. 08-13234, 2009 WL 440905, at *5 (E.D. Mich. Feb. 23, 2009), on reconsideration, No. 08-13234, 2009 WL 2058731 (E.D. Mich. July 15, 2009); *MicroMetl Corp. v. TranzAct Techs., Inc*., No. 1:08CV0321-LJM-WTL, 2008 WL 2356511, at*4 (S.D. Ind. June 5, 2008); *Oceanconnect.com, Inc. v. Chemoil Corp*., No. CIV.A. H-07-1053, 2008 WL 194360, at *2-3 (S.D. Tex. Jan. 23, 2008).

[47] See Ohio Rev. Code §1343.03 (providing that creditors are entitled to interest at the rate provided in any "written contract"); *see also Thompson v. Citizens Nat'l Bank*, No 1:14-CV-1197, 2016 WL 7238835, at*10 (N.D. Ohio Dec. 15, 2016) (noting that, under Ohio law, prejudgment interest in "mandatory for contract claims").

**C.     Fenner is entitled to attorneys' fees.**

As noted in the supporting record, Fenner's Standard Terms and Conditions provide that Fenner, as the prevailing party, is entitled to reasonable attorney's fees and costs incurred in seeking judgment against DRI. Under Ohio law, contractual provisions providing for recovery of costs and attorneys' fees are enforceable.[48] This rule is grounded in the "fundamental right to contract freely with the expectation that the terms of the contract will be enforced."[49] A contractual attorneys' fees provision will be enforced "so long as the fees awarded are fair, just and reasonable as determined by the trial court upon full consideration of all circumstances of the case."[50]

**D.     There is no evidence in the record supporting any of Defendant's affirmative defenses.**

DRI pled a number of affirmative defenses in its initial Answer.[51] But, there is no evidence in the record supporting any of these defenses. In fact, DRI's 30(b)(6) witness acknowledged that the "only reason" DRI has not paid Fenner is because it did not have the money.[52] DRI has not yet filed an answer to Fenner's Amended Complaint, nor has it responded to his motion for summary judgment.

---

[48] *Wilborn v. Bank One Corp.*, 121 Ohio St. 3d 546, 548-49 (2009); *Nottingdale Homeowners' Assoc. v. Darby*, 33 Ohio St. 3d 32, 36-37 (1987).

[49] *Wilborn*, 121 Ohio St. 3d at 548 (quoting *Nottingdale*, 33 Ohio St. 3d at 36).

[50] *Wilborn*, 121 Ohio St. 3d at 548.

[51] ECF # 9.

[52] ECF # 40 (Hurt Dep. at 28-29.)

## Conclusion

For the reasons stated, Fenner Dunlop Americas, LLC is granted summary judgment in its favor as follows:

A. A judgment for breach of contract and award damages in favor of Fenner Dunlop Americas, LLC and against DRI Incorporated in the principal amount of $1,125,568.09; plus $840,207.75 in prejudgment interest through July 26, 2017; plus continuing prejudgment interest in the amount of 3% per month up through the date of judgment[53] (which amount Fenner is to calculate and submit to the Court by affidavit or declaration after entry of judgment on this claim);

B. An of award attorneys' fees and costs in favor of Fenner Dunlop Americas, LLC;[54]

C. And an award of postjudgment interest in favor of Fenner Dunlop Americas, LLC at the federal statutory rate. See 28 U.S.C. § 1961(a).

IT IS SO ORDERED.

Dated: October 27, 2017　　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[53] Fenner Dunlop Americas, LLC must calculate and submit to the Court by affidavit or declaration the amount of prejudgment interest from July 27, 2017 through the date of entry of judgment no later than 14 days after entry of the judgment.

[54] Fenner Dunlop Americas, LLC must file a bill of costs under Federal Rule of Civil Procedure 54(d)(1) and a motion for attorney's fees under Federal Rule of Civil Procedure 54(d)(2) no later than 14 days after the entry of judgment.